IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PETER SZANTO**,<br><br>        Appellant,<br><br>      v.<br><br>**EVYE SZANTO,** *et al.*,<br><br>        Appellees. | Case No. 3:19-cv-1089-SI<br><br>(Bankr. Ct. Case No. 16-33185-pcm7)<br>(Adv. Pro. No. 16-3114-pcm)<br><br>**OPINION AND ORDER** |

Peter Szanto, 11 Shore Pine, Newport Beach, CA 92657. Appellant *Pro Se*.

Nicholas J. Henderson, MOTSCHENBACHER & BLATTNER LLP, 117 SW Taylor Street, Suite 300, Portland, OR 97204. Of Attorneys for Appellees Evye Szanto, Victor Szanto, Nicole Szanto, Kimberley Szanto, Mariette Szanto, Anthony Szanto, Austin Bell, and Barbara Szanto Alexander.

**Michael H. Simon, District Judge.**

      This case comes to the District Court as an appeal from an Order issued by the U.S. Bankruptcy Court for the District Oregon denying Appellant's motion to change venue in an adversary proceeding involving Appellant Peter Szanto (Appellant)[1] and Appellees Evye Szanto,

---

[1] Because Appellant and Appellees are family members and most have the same last name, to avoid confusion, the Court generally will refer to them as Appellant and Appellees instead of by name, except when discussing an individual Appellee, in which case the Court references them by first and last name, and then by first name.

PAGE 1 – OPINION AND ORDER

Victor Szanto, Nicole Szanto, Kimberley Szanto, Mariette Szanto, Anthony Szanto, Austin Bell, and Barbara Szanto Alexander (Appellees).[2] For the reasons below, the Court affirms the Bankruptcy Court's Order.

## PROCEDURAL BACKGROUND

On August 16, 2016, Appellant filed a voluntary petition under Chapter 11 of the U.S. Bankruptcy Code. This started Bankruptcy Case No. 16-bk-33185-pcm11 (Main Bankruptcy Case). The Bankruptcy Court later converted that case, over Appellant's objection, to a proceeding under Chapter 7 (changing the case number to 16-bk-33185-pcm7). On September 21, 2016, Appellant filed a complaint against Appellees, beginning Case No. 16-ap-3114 (the Adversary Proceeding), the case from which the Order that is the subject of this appeal was issued.

The parties engaged in discovery and litigated several motions in the Adversary Proceeding, including motions to strike, motions to dismiss, and discovery motions. On August 15, 2017, Appellant moved for partial summary judgment against Appellees' counterclaim for wrongful initiation of civil proceedings. On August 25, 2017, Appellees moved for partial summary judgment, moving defensively against all of Appellant's claims and offensively in favor of their counterclaim for wrongful initiation of civil proceedings.

On May 17, 2018, the Bankruptcy Court denied Appellant's motion for summary judgment on Appellees' counterclaim, granted Appellees' motion for summary judgment on Appellant's claims, and denied Appellees' motion for summary judgment on their counterclaim. In ruling on these motions, the Bankruptcy Court also denied Appellant's request to amend his

---

[2] Although originally named by Appellant in the Adversary Proceeding as a defendant, John Barlow was dismissed by the Bankruptcy Court from the Adversary Proceeding on August 14, 2017 because Mr. Barlow died. Thus, Mr. Barlow is not a party to this appeal.

complaint to add a new claim. This left only Appellees' counterclaims for trial. The Bankruptcy Court entered partial judgment on the dismissed claims under Rule 54(b) of the Federal Rules of Civil Procedure.[3]

In 2017 and 2018, Appellant made various filings trying to withdraw consent to the Bankruptcy Court's jurisdiction to enter a final judgment. The Bankruptcy Court rejected those filings as improper but stated that even if Appellant had filed a proper motion to withdraw consent the Bankruptcy Court would deny it. The Bankruptcy Court also explained the grounds for such a denial. Appellant then moved to withdraw the reference to the Bankruptcy Court. The Bankruptcy Court denied that motion, and on May 1, 2019, this Court affirmed. *Szanto v. Santo*, 2019 WL 1932366 (D. Or. May 1, 2019). This Court held that Appellant had failed to show good cause to withdraw his express consent to the final jurisdiction of the Bankruptcy Court at the stage of the litigation at which he attempted to do so. *Id.* at *4-6.

On Friday, June 7, 2019, Appellant filed the motion to change venue that is the subject of this appeal. On Tuesday, June 11, 2019, the Bankruptcy Court scheduled a hearing on the motion, setting the hearing for June 18, 2019, at 3:30 PM. At that time, the pretrial documents were due beginning July 26, 2019, the pretrial conference was scheduled on August 20, 2019, and the trial was set beginning August 27, 2019. *See Szanto v. Szanto*, Case No. 16-3114-pcm, ECF 436, Order Setting Trial and Briefing Schedule (Jan. 15, 2019).

The Bankruptcy Court denied the motion at the June 18th hearing, explaining its reasoning on the record. *See* ECF 42-1 at 12-18. The Bankruptcy Court began by stating that Appellant filed the case in Oregon—that it was his choice of venue. The Bankruptcy Court noted

---

[3] On December 18, 2020, this Court affirmed the Bankruptcy Court's decision. *Szanto v. Szanto*, 2020 WL 7419215 (D. Or. Dec. 18, 2020).

PAGE 3 – OPINION AND ORDER

that the case had been filed in 2016 and had been litigated for three years, with five or six trial settings. The Bankruptcy Court described the legal standard for transfer as whether it is in the interest of justice or for the convenience of the parties. The Bankruptcy Court next described the factors the movant must show for the interest of justice prong as: (1) the economics of estate administration; (2) the presumption in favor of the "home court"; (3) judicial efficiency; (4) the ability to receive a fair trial; (5) the state's interest in having local controversies decided within its borders by those familiar with its laws; (6) the enforceability of the judgment; and (7) the plaintiff's original choice of forum.

In analyzing these factors, the Bankruptcy Court noted that the most important factor is whether the transfer would promote the economic and efficient administration of the estate and that the "home court" is the bankruptcy court in which the debtor's case is pending. The Bankruptcy Court found that the factors weighing against transfer are the home court; judicial efficiency given the years and amount litigation that had taken place; the ability to receive a fair trial, despite Appellant's claims of bias; and Appellant's original choice of forum. The Bankruptcy Court found as neutral the factors of the economics of the estate administration because the asset was abandoned by the trustee; the state interest, because the claims involve both Oregon and California; and the enforceability of the judgment, because it would be just as enforceable in either venue.

For the convenience of the parties, the Bankruptcy Court considered the location of the parties; the convenience of witnesses; the access of necessary proof; availability of subpoena power; and expenses relating to obtaining witnesses. The Bankruptcy Court found that the proposed new venue is closer to Appellant but that Appellant did provide evidence that any other factor was met. The Bankruptcy Court also explained that Appellees, located in Nevada and

Eastern California, had made longstanding plans to appear in Portland and it would be an inconvenience to make them change those plans. The Bankruptcy Court directed Appellees' counsel to submit an Order for the Bankruptcy Judge's signature. The Bankruptcy Judge issued the Order on June 21, 2019. ECF 4 at 10. This appeal followed.

## STANDARDS

An appeal of an order resolving a motion to transfer venue is reviewed for an abuse of discretion. *In re Caesars Ent. Operating Co., Inc.*, 588 B.R. 233, 237 (B.A.P. 9th Cir. 2018). "A court abuses its discretion when it fails to identify and apply the correct legal rule to the relief requested, or if its application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011) (cleaned up); *see also In re Taylor*, 599 F.3d 880, 887-88 (9th Cir. 2010) ("If the bankruptcy court did not identify the correct legal rule, or its application of the correct legal standard to the facts was illogical, implausible, or without support in inferences that may be drawn from the facts in the record, then the bankruptcy court has abused its discretion.").

## DISCUSSION

Appellant argues that the Bankruptcy Court erred in denying the venue transfer because the Bankruptcy Judge is biased, the Bankruptcy Court did not have jurisdiction because a subset of Appellees obtained a restraining order in a Nevada court, and because the venue should have been transferred on the merits. The Court addresses these arguments in turn.

**A. Judicial Bias**

Appellant argues that the Bankruptcy Court Judge exhibited bias and was unable to fairly adjudicate Appellant's case and motions. Appellant contends that the fact that the Bankruptcy Judge scheduled a hearing on the motion to transfer without waiting for Appellees to respond or

instructing Appellees to file an expedited response is evidence that the judge had "pre-determined" to rule in Appellees' favor and that Appellees knew they could "sit back" because the outcome was "guaranteed in Appellees' favor." This argument lacks merit. Appellant's motion was filed less than seven weeks before pretrial documents were due. Appellant had the burden of proof on his motion. That the Bankruptcy Court expedited the motion and immediately scheduled a hearing to put Appellant to his burden is not evidence of judicial bias.

As this Court explained in rejecting this same argument that Appellant previously raised in other appeals, adverse rulings and alleged prejudice from judicial proceedings are an insufficient basis on which to assert bias. *See Litekey v. United States*, 510 U.S. 540, 555 (1994); *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008); *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984).[4]

### B. Subject Matter Jurisdiction/Claim Preclusion

Appellant's argument is not clear, but he appears to argue either that the Bankruptcy Court did not have subject matter jurisdiction over Appellees' counterclaims or the counterclaims were subject to issue or claim preclusion because Appellees Victor and Evye Szanto obtained an injunction in Nevada and because of the miscellaneous action filed in the Central District of California to resolve a dispute over the subpoena issued in this case for the deposition of Susan Szanto. As for the latter proceeding, Susan Szanto lives within the Central District of California. In seeking her deposition, Appellees had to set a place of compliance within 100 miles of her residence. *See* Fed. R. Civ. P. 45(c)(1)(A). When she failed to appear,

---

[4] Appellant continues to argue that the Bankruptcy Judge asking how to pronounce "Szanto" at an early hearing was humiliating and evidence of bias and that the Bankruptcy Court's previous denial of ECF filing privileges also shows bias. The Court previously has rejected these arguments and declines to change that determination.

Appellees had to file the legal action seeking to find her in contempt in the Central District of California, where Susan resided, and not in the Bankruptcy Court. *See* Fed. R. Civ. P. 45(g). That California miscellaneous proceeding to resolve the deposition dispute, however, does not deprive the Bankruptcy Court of jurisdiction or have a preclusive effect on anything more than the issue it resolved regarding Susan Szanto's deposition subpoena. As Appellant concedes, he was not even a party to that case. Contrary to his assertion, however, it would not have been appropriate for Appellees to raise any claims they had against Appellant in the miscellaneous discovery proceeding against Susan Szanto.

Regarding the Nevada case and whether it had a preclusive effect or affected the Bankruptcy Court's jurisdiction, the Court already rejected this argument in resolving Appellant's appeal of the Bankruptcy Court's decision on Appellees' counterclaims (Counterclaim Appeal Decision). *See Szanto v. Szanto*, 2022 WL 3572993, at *6-8 (D. Or. Aug. 19, 2022). Nothing argued by Appellant persuades the Court to change this conclusion.

**C.  Venue Transfer on the Merits**

The Bankruptcy Court identified the correct legal standards for evaluating a motion to transfer venue. *See* Fed. R. Bankr. P. 7087 ("On motion and after a hearing, the court may transfer an adversary proceeding or any part thereof to another district pursuant to 28 U.S.C. § 1412 . . . ."); *see also* 28 U.S.C. § 1412 ("A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties."). The Bankruptcy Court also identified the correct factors for considering the interests of justice and the convenience of the parties. *See Tapia v. Davol, Inc.*, 562 B.R. 765, 769-770 (S.D. Cal. 2016).

The Court next considers whether the Bankruptcy Court's application of the legal standards was illogical, implausible, or without support in inferences that may be drawn from

evidence in the record. *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d at 424. The Court finds that it was not. For the factors governing the interests of justice, the court found four factors did not support transfer and three were neutral. The four that did not support transfer were: that Appellant had chosen Oregon as the forum, that the "home court" was the Oregon Bankruptcy Court, that judicial efficiency supported staying in the Bankruptcy Court given the extensive litigation that had already occurred in that court, and that Appellant failed to provide evidence that he could not obtain a fair trial. The factors the Bankruptcy Court found neutral were the administration of the bankruptcy estate, the enforceability of the judgment, and the state interest. The Bankruptcy Court's analysis on these factors was supported by the record and was not illogical or implausible. The Bankruptcy Court's analysis that the record only supported that the transfer was more convenient for Appellant similarly was not illogical, implausible, or without support in the record. Appellant argues that he intended to investigate and find additional witnesses, plus Susan Szanto, for whom the Central District of California would have been more convenient, but even assuming that is true, the convenience of several witnesses does not render the Bankruptcy Court's decision not to transfer venue an abuse of discretion. There are many discretionary balancing factors in determining whether to transfer venue. There are also ways to ameliorate the inconvenience of witnesses had Appellant been able to locate more witnesses before trial, including perpetuation depositions and video or telephonic testimony.

Appellant also argues that because the Bankruptcy Court's eventual decision on the merits included a finding for Appellees on their counterclaim for wrongful use of civil proceedings, and some of the underlying litigation supporting their wrongful use of civil proceedings claim was in California, this requires a change of venue. This argument is rejected.

Where the underlying cases were filed that support the abuse of process claim does not dictate where that claim itself must be litigated.

Appellant also asserts that he did not understand that the underlying cases supporting the allegation of wrongful use of civil proceedings involved cases in California. The Court finds this argument without merit and declines to consider this new argument raised for the first time on appeal. *See Japanese Vill., LLC v. Fed. Transit Admin.*, 843 F.3d 445, 455 (9th Cir. 2016) ("Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so. The Court may exercise this discretion (1) to prevent a miscarriage of justice; (2) when a change in law raises a new issue while an appeal is pending; and (3) when the issue is purely one of law." (simplified)). The counterclaim sufficiently described the claim. Federal pleading is not fact pleading and Appellees were not required to list in their pleading all the cases on which they based their counterclaim. Such information was accessible to Appellant through discovery. Nor did Appellant file a motion against the pleading, such as a motion to make more definite and certain or a motion to dismiss for failure to state a claim, or a motion challenging Appellees' discovery responses. Additionally, as the Court described in the Counterclaim Appeal Decision, Appellees filed Proofs of Claim on February 9, 2018, which were accessible to Appellant and provided detailed information on which he could prepare his defense or argue to transfer venue. *Szanto*, 2022 WL 3572993, at *9.

## CONCLUSION

The Court AFFIRMS the Order of the Bankruptcy Court.

**IT IS SO ORDERED**.

DATED this 13th day of September, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge